UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

SHIRLEY P. REESE and Case No. 02-80195
DONNIE E. REESE, Chapter 13

    Debtors.

In re

GLORIA J. CALHOUN, Case No. 03-32920
 Chapter 13

    Debtor.

In re

CATHERINE L. PURIFOY and Case No. 04-10906
HAROLD PURIFOY, Chapter 13

    Debtors.

In re

JANICE O. RICH, Case No. 04-31223
 Chapter 13

    Debtor.

## MEMORANDUM DECISION

These four bankruptcy cases are before the Court on a flurry of motions filed by Michael T. Gallagher, Tim K. Goss, and Richard A. Freese (collectively "Gallagher"). Specifically, the following motions are before the Court in these four cases:

(1) Reese, Case No. 02-80195, "Motion for Determination of Ownership of Claim and for Approval of Estates Acceptance of an Offer in a Group Personal Injury Settlement, Approval of Retention of Special Counsel who Generated the Group Offer and Payment of Contingent Fees and Expenses," (Doc. 31), "Motion to Enforce Order Entered on July 24, 2006 in Adversary

Proceeding No. 03-1071," (Doc. 38), and "Motion to Set Aside Judge Williams Order Entered on October 20, 2006 in the Catherine Purifoy Bankruptcy Case No. 04-10906 if Judge Sawyer Denies Counsel's Motions in the Captioned Cases," (Doc. 39);

(2) Calhoun, Case No. 03-32920, "Motion for Determination of Ownership of Claim and for Approval of Estates Acceptance of an Offer in a Group Personal Injury Settlement, Approval of Retention of Special Counsel who Generated the Group Offer and Payment of Contingent Fees and Expenses," (Doc. 66), "Motion to Enforce Orders Entered on July 24, 2006 in Adversary Proceeding No. 03-1071," (Doc. 81), and "Motion to Set Aside Judge Williams Order Entered on October 20, 2006 in the Catherine Purifoy Bankruptcy Case No. 04-10906 if Judge Sawyer Denies Counsel's Motions in the Captioned Cases," (Doc. 84);

(3) Purifoy, Case No. 04-10906, "Motion for Determination of Ownership of Claim and for Approval of Estates Acceptance of an Offer in a Group Personal Injury Settlement, Approval of Retention of Special Counsel who Generated the Group Offer and Payment of Contingent Fees and Expenses," (Doc. 37), "Motion to Enforce Order Entered on July 24, 2006 in Adversary Proceeding No. 03-1071," (Doc. 66), "Motion to Set Aside Judge Williams Order Entered on October 20, 2006 in the Catherine Purifoy Bankruptcy Case No. 04-10906 if Judge Sawyer Denies Counsel's Motions in the Captioned Cases," (Doc. 67);

(4) Rich, Case No. 04-31223, "Motion for Determination of Ownership of Claim and for Approval of Estates Acceptance of an Offer in a Group Personal Injury Settlement, Approval of Retention of Special Counsel who Generated the Group Offer and Payment of Contingent Fees and Expenses," (Doc. 51), "Motion to Enforce Orders Entered on July 24, 2006 in Adversary Proceeding No. 03-1071," (Docs. 64, 66), "Motion to Set Aside Judge Williams Order Entered

on October 20, 2006 in the Catherine Purifoy Bankruptcy Case No. 04-10906 if Judge Sawyer Denies Counsel's Motions in the Captioned Cases," (Doc. 67).

Chapter 13 Trustee Curtis C. Reding objects.

### I. Past Gallagher Litigation

Before considering the specifics of the motions in these four cases, the Court will briefly review the history of an Adversary Proceeding styled Reding v. Morris Bart, et. al., Adversary Proceeding No. 03-1071, in the United States Bankruptcy Court for the Middle District of Alabama. Plaintiff Curtis C. Reding, the standing Chapter 13 Trustee in the Middle District of Alabama, brought suit against Morris Bart, who is not a movant here, Michael Gallagher, who is, as well as several other Defendants. Bart and Gallagher are lawyers who specialize in class action personal injury suits. In some of these suits, class counsel such as Gallagher will represent a class of several thousand plaintiffs.

Some of the plaintiffs represented by Gallagher and Bart filed bankruptcy petitions in the Middle District of Alabama. The Court will not attempt to summarize all of the issues and arguments raised in the Adversary Proceedings as only a few points are germaine here. When a plaintiff in a class action proceeding files a petition in bankruptcy, his interest in the cause of action becomes property of the bankrupt estate. See 11 U.S.C. § 541. Depending upon the Chapter the bankruptcy petition is filed under, the exemptions to which the debtor may become entitled, the value of the claim, and the structure of the Chapter 13 Plan, the debtor may come under a duty to pay the proceeds of the cause of action to the Chapter 13 Trustee for distribution

to creditors.[1]  Reding accused Bart and Gallagher of a long history of stonewalling the Trustee's requests for information and misrepresenting the status of claims.  In the Adversary Proceeding, 60 bankruptcy cases were identified in which the Trustee alleges that wrongdoing on the part of Bart or Gallagher had taken place.

The Chapter 13 Trustees in the Northern and Southern Districts of Alabama filed similar suits which proceeded on parallel tracks.  These three Adversary Proceedings were rolled into statewide settlement agreements.  Bart settled all three Adversary Proceedings shortly before trial was scheduled in this District, and Gallagher settled both of his Adversary Proceedings on the first day of trial in this District.[2]

## II. Present Gallagher Litigation

Against the backdrop of these unusual and extraordinarily contentious proceedings, Gallagher seeks his attorney's fees in these four bankruptcy cases.  The parties have made voluminous filings wherein they accuse each other all manner of things, most of which are not relevant to the matter at hand.   There are only two salient points here: first, the settlement

---

[1] There are a host of other issues as well.  For example, debtors are required to disclose all of their assets in their bankruptcy schedules.  In addition, pending lawsuits should be disclosed on the Statement of Financial Affairs.  The failure to make truthful and accurate disclosures gives rise to a host of problems.  In some instances, Chapter 13 Plans were drafted to provide that personal injury settlement proceeds were to be paid to the Chapter 13 Trustee for distribution under the Plan.  A willful violation of the provisions of a confirmed plan gives rise to another set of concerns.  The ownership of and the responsibility for the management of a civil action which is property of the estate is yet another concern.  In these proceedings, Reding consistently pressed the theme that Gallagher had willfully violated a number of requirements of the Bankruptcy Code and the Bankruptcy Rules.  While the settlement of the Adversary Proceeding took these concerns out of litigation, the shadow cast by that litigation remains.

[2] Gallagher was not a party to the Adversary Proceeding in the Southern District of Alabama.

-4-

agreement between Gallagher and Reding is not dispositive of these motions; and second, if the Trustee does not want to hire Gallagher and the other movants, he does not have to. These points will be discussed in order.

The settlement agreement between Reding and Gallagher is contained in that order entered in the Adversary Proceeding on July 24, 2006. (Adv. Pro. 03-1071, Doc. 365). Paragraphs 9 and 10 of the July 24 Order provide as follows:

> 9. Within thirty (30) days from the last date that this settlement is approved by written Order of the two (2) Bankruptcy Courts involved, the Gallagher Defendants shall, as to each of their current clients listed on Exhibit 1 to this Order, either (a) file or cause to be filed in the appropriate bankruptcy courts applications for employment as special counsel for those clients who are or were Chapter 13 debtor and for the Chapter 7 Trustees for the estates of those clients who are or were Chapter 7 debtors; or (b) as to each debtor where the Gallagher Defendants do not file or cause to be filed such applications within said deadline, waive and forfeit any claim for any attorneys fees or expenses from any source whatsoever.
>
> 10. In addition to the requirements set forth in Paragraph 9, the Gallagher Defendants shall, within thirty (30) days from the last date that this settlement is approved by written Order of the two (2) Bankruptcy Courts involved, where there is a proposed settlement for any of their current clients listed on Exhibit 1, either (a) file or cause to be filed a motion to approve the settlement and a motion to approve their attorneys fees; or (b) as to each debtor where the Gallagher Defendants do not file or cause to be filed such motions within said deadline, waive and forfeit any claim for any attorneys fees or expenses from any source whatsoever.

(Case No. 03-1071, Doc. 365, ¶ 9-10).

Gallagher argues that because the four motions seeking employment were filed within the 30-day time frame provided in the settlement agreement, he should be paid his fees in full. Reding contends that the 30-day time frame in the settlement agreement simply put Gallagher

-5-

under a deadline to file any motion or application he chose, but to do so within 30 days. The point of this 30-day limitation was to bring all matters concerning Gallagher's attorney's fees promptly to a head. The settlement agreement does not obligate the Trustee to agree to pay Gallagher's fees; rather, it required him to make his applications within 30 days. Gallagher's contention that the settlement agreement is dispositive of the motions here is without merit.

Of immediate concern in these four cases is that these four debtors are entitled to a settlement under a class action suit pending elsewhere. Reding advised that he was willing to consider hiring Gallagher only if his fees were substantially reduced. Gallagher has advised the Court that he is only willing to proceed if he is paid the full contingent fee pursuant to his original contracts with the debtors. There is nothing in the Bankruptcy Code which would permit Gallagher to have his employment approved on terms not agreeable to the Trustee. See 11 U.S.C. § 327. Indeed, it is the Trustee's place to hire counsel. Id. The Code does not allow a lawyer to move the Court to force the Trustee to hire a given lawyer on his terms over the Trustee's objections. Moreover, there is nothing in the settlement agreement which would change this result. As Reding does not want Gallagher and the other movants to represent him here, on the terms they propose, they will not be employed.

As a final matter, Gallagher contends that if the Court denies his motions, then it should set aside the Order entered on October 20, 2006, in the Purifoy case. (Case No. 04-10906, Doc. 61). In that order, the Court approved the employment of the law firm Pittman, Dutton, Kirby & Hellums, P.C. It is usually a bad idea to file a motion predicated upon the happening of a future event, and such is the case here. Gallagher fears that his motions for employment will be denied on the grounds of timeliness, based upon arguments advanced by the Trustee. As discussed

above, the Court finds that the Bankruptcy Code does not permit a lawyer such as Gallagher to force the Trustee to hire him on terms not to his liking. The Court need not and does not reach the question of timeliness. The Court will deny all of these motions by way of separate orders.

Done this the 13th day of November, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge